**DAVID R. PARTOVI**
PARTOVI LAW, P.S.
900 N. Maple St, Ste 102
Spokane, WA 99201
Phone (509) 270-2141
Fax (509) 326-6102
kelsey@partovilaw.com
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, Plaintiff, | NO. 2:20-CR-00179-TOR |
|---|---|
| -vs- | MOTION TO WITHDRAW GUILTY PLEA and MEMORANDUM IN SUPPORT |
| DANIEL AUGUSTINE SOLIS, Defendant. | ***ORAL ARGUMENT REQUESTED*** |

TO:   Rebecca Perez and Alison Gregoire, Assistant United States Attorneys.

COMES NOW Defendant, DANIEL AUGUSTINE SOLIS, by and through his counsel, David R. Partovi, and moves to Court for a withdraw of his guilty plea entered in this case.

THIS MOTION is based upon the Memorandum of Law appended hereto. If necessary, a sworn statement from Mr. Solis can be provided. Given his remote location, that has not been drafted but can be provided.

DATED this 17th of April, 2025.

**PARTOVI LAW, P.S.**

*s/ David R. Partovi*
DAVID R. PARTOVI, WSBA #30611
Attorney for Defendant

## MEMORANDUM OF LAW

## RELEVANT FACTS

On November 5, 2024, the Defendant, Daniel Solis, changed his plea to guilty during his criminal trial. His plea was given to and accepted by Judge Rice. The Defendant was accompanied and assisted by counsel during this plea. Finding that all of the requirements for the entry of a guilty plea by the defendant had been met, Judge Rice entered an Order accepting the Defendants plea of guilty on the same day.

Almost immediately following his guilty plea being entered, Mr. Solis began working towards withdrawing his guilty plea with his former counsel. However, once it became clear Mr. Solis would not be able to go forward on that matter with his former counsel, he began working with Mr. Partovi on the matter.

Mr. Solis seeks to withdraw his guilty plea due to a fundamental misunderstanding of the specifics of his plea and the consequences that would flow from his plea. Specifically, Mr. Solis did not understand, nor was it fully explained to him, that he was waving his right to a trial *entirely*, not just waving his right to his current trial. It is conceded that, for those of us who live in this world, it may seem unreasonable that one would consider a guilty plea to be a waiver of this trial but not all trials. To Mr. Solis, however, this was his confusion. He states that he did not realize that he was waiving all trials, he thought it was just that one. He is willing to sign a sworn

statement to that effect, but he is located in Benton County so this motion is made by way of proffer.

## RELEVANT LAW

Under Federal Rule of Criminal Procedure 11(b), in order for a plea to be accepted, the court must inform the defendant of several different things and ensure that he understands them. Specifically, the court must ensure that the defendant understands the government's right to use against the defendant any statement that the defendant gives under oath; the right not to plead guilty, or having already so pleaded, to persist in that plea; the right to a jury trial; the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and at every other stage of the proceeding; the right at trial to confront and cross – examine witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses;  the defendant's waiver of these trial rights if the court accepts a plea of guilty or nolo contender; the nature of each charge to which the defendant is pleading; any maximum possible penalty, including imprisonment, fine, and term of supervised release; any mandatory minimum penalty; any applicable forfeiture; the court's authority to order restitution; the court's authority to impose a special assessment; in determining a sentence, the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a); and

the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence; and that, if convicted, a defendant who is not a United States citizen may be removed from the United Staes, denied citizenship, and denied admission to the United States in the future.  See, generally, Fed. R. Cr. Pro 11(b)(1)(A)-(N). The rules further state that before a plea of guilty is accepted, the court must ensure that the plea is voluntary and that there is a factual basis for the plea. In order for a plea to be done knowingly, the defendant "must understand the nature of the three critical constitutional rights that are waived by his plea: the right to a jury trial, the right to confront his accuser, and the privilege against self-incrimination." *Tanner v. McDaniel*, 493 F.3d 1135, 1147 (9th Cir. 2007)(citing *Boykin v. Alabama*, 295 U.S. 238, 243-44). A plea must also be voluntary. A plea will be considered involuntary if it results from threats, unlawful coercion, false or illicit promises, mistreatment, mis-advisement of required rights, or misunderstanding. *See Sanchez v. United States*, 50 F.3d 1448, 1455 (9th Cir. 1995). It is largely based on his misunderstanding that Mr. Solis seeks to withdraw his plea.

The Federal Rules of Criminal Procedure set out the requirements for withdrawing a guilty plea. Federal Rule of Criminal Proceeding 11(d), in its relevant part, states that "a defendant may withdraw a plea of guilty … after the court accepts the plea, but before it imposes the sentence if …  the defendant can show a fair and just reason for requesting the withdrawal."

Case law has established that "[f]air and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." *United States v. Jones*, 472 F.3d 1136, 1141 (9th Cir. 2007) (quoting *United States v. Ortega-Ascanio*, 376 F.3d 879, 883 (9th Cir. 2004). Additionally, case law also instructs us that while the defendant has the burden of showing the fair and just reason for withdrawing a plea, that standard should be applied liberally. *See United States v. Nagra*, 147 F.3d 875, 880 (9th Cir. 1998). To prove that an error in the plea has affected substantial rights, and can therefore be withdrawn, the Defendant must show "a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Domingez Benitez*, 542 U.S. 74, 83 (2004).

## ARGUMENT

A. <u>The Court should allow the Defendant to withdraw his plea of guilty due to his lack of understanding regarding consequences of his plea</u>

In order for a court to accept a defendant's plea of guilty, the court must ensure that the defendant has been made aware of all of the information included in Federal Rule of Criminal Procedure 11, and must also ensure that the plea is knowing and voluntary. The defendant "must be understand the three constitutional rights that are waived by his plea: the right to a jury trial, the right to confront his accuser, and the privilege against self-incrimination." *Tanner v. McDaniel,* 493 F.3d at 1147. Here, the

court should allow the Defendant to withdraw his guilty plea because at the time his plea was entered, he did not have a sufficient understanding of the *scope* of his wavier of his Constitutional right to trial.

Counsel understands that the following sentence does not make sense, but Mr. Solis states that he entered a plea of guilty because he wanted his previous counsel to employ a defense of Not Guilty by Reason of Insanity. When that defense was not employed, Mr. Solis pled guilty because he thought that if he pled guilty, that would be the quickest way to get a new trial, and at this new trial he could have his attorney present that defense. He was unaware that he was waving his right to have a different jury trial and did not understand what the full ramifications for pleading guilty were.

In the plea colloquy, the court informed the Defendant of his waiver of certain rights, but at the exact moment that the Court informed Mr. Solis that he was waiving his right to a jury trial, Mr. Solis stopped the proceedings and had a question for counsel.  ECF 384 is the filing of the change of plea transcript and on page 5, lines 9-18 read as follows:

[THE COURT]

If I accept your guilty pleas here today, you'll give up the -- those jury trial rights. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Now, the charge of conspiracy to sexually exploit a child --

MS. BAGGETT: Your Honor, could I have one second? The defendant has a question.

THE COURT: Yeah.

(Off the record.)

MS. BAGGETT: Thank you, your Honor.

Thereafter, the Court sought to have Mr. Solis state what he did in his own words what he did to violate the law. His lawyer made a factual proffer as follows:

MS. BAGGETT: Thank you.

The defendant agrees that he forced Audree Pederson to make a video of herself giving oral sex to Minor No. 1. He intended for Audree Pederson to produce child pornography. As to Count 4, he agrees that he accessed Audree Pederson's Verizon phone account and sent from that a video depicting Audree Pederson performing oral sex on Minor No. 1, and he was aware that that was child pornography.

Your Honor continued:

Mr. Solis, do you agree with those statement of facts?

THE DEFENDANT: I do.

Mr. Solis asserts that he did not understand that he was waiving any future right to a jury trial and that it was his understanding that he was waiving only the trial that had been underway to that point.

## CONCLUSION

The Court and Counsel engage in this procedure day in and day out and this record appears to clearly reflect that Mr. Solis understood his rights, had the advice of competent counsel and made a knowing and voluntary waiver of his rights. Counsel recognizes that it is not reasonable for a court to ask a defendant if they understand that they are waiving any possibility of trial in the future. But Federal Rule of Criminal Procedure 11 requires that Mr. Solis fully understood the scope of his waiver and it is respectfully submitted that he did not and should be permitted to withdraw his guilty plea for this reason.

DATED this 17th of April, 2025

**PARTOVI LAW, P.S.**

*s/ David R. Partovi*
DAVID R. PARTOVI, WSBA #30611
Attorney for Defendant

## CERTIFICATION

I hereby certify that on 17th of <u>April</u>, <u>2025</u>, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System which I will sent notification of such filing to the following, and/or I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

    Richard Barker, Acting United States Attorney
    Rebecca Perez, AUSA
    Alison Gregoire, AUSA
    U S Attorney's Office - SPO
    920 W Riverside Suite 300
    P O Box 1494
    Spokane, WA 99210-1494
    Telephone: 509-353-2767

**PARTOVI LAW, P.S.**

s/ *David R. Partovi*
DAVID R. PARTOVI, WSBA #30611
Attorney for Defendant