Richard R. Barker
Acting United States Attorney
Eastern District of Washington
Alison L. Gregoire
Rebecca R. Perez
Assistant United States Attorneys
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL AUGUSTINE SOLIS,<br><br>Defendant. | Case No. 2:20-CR-0179-TOR-2<br><br>Government's Response to Defendant's Motion to Withdraw Guilty Plea |

Plaintiff, United States of America, by and through Richard R. Barker, Acting United States Attorney for the Eastern District of Washington, and Alison L. Gregoire and Rebecca R. Perez, Assistant United States Attorneys for the Eastern District of Washington, respectfully submits the following response to Defendant's Motion to Withdraw Guilty Plea. *See* ECF No. 410.

**I.   Introduction:**

The Defendant seeks to withdraw his guilty plea despite the knowing, voluntary, and intelligent nature of his guilty plea, and the fulsome plea colloquy conducted by the Court.

RESPONSE TO DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA - 1

Defendant's motion is meritless, and it should be denied. The Defendant cannot demonstrate any legal or factual basis for withdrawing his valid guilty plea. The record of his plea colloquy makes it absolutely clear that he had ample opportunity to express to the Court whatever concerns he had at the time of his plea. He did not do so. He has not articulated any new information that would justify the withdrawal of his plea. Specifically, the Defendant seeks withdraw the guilty plea that he entered, mid-trial, without the benefit of a plea agreement, because he did not realize he would not "get a new trial" after pleading guilty. ECF No. 410 at 6.

## II. Procedural Posture:

On November 5, 2024, the Defendant pled guilty to the Indictment, charging the Defendant with Conspiracy to Produce Child Pornography, in violation of 18 U.S.C. § 2251(a), (e) (Count 1) and Distribution of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), (b)(1) (Count 4). ECF No. 1. The United States respectfully submits the Court's plea colloquy precludes the Defendant's claims. The United States respectfully submits that it is proper and within the Court's discretion to deny Defendant's motion to withdraw his plea and proceed with sentencing.

## III. Relevant Facts:

On December 15, 2020, the Grand Jury for the Eastern District of Washington returned a four-count indictment in which Audree Leanna Pederson

RESPONSE TO DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA - 2

and Daniel Augustine Solis were named. Defendant Solis was charged with (Count 1) Conspiracy to Produce Child Pornography, in violation of 18 U.S.C. § 2251(a), (e) and (Count 4) Distribution of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), (b)(1).

On December 16, 2021, Mr. Solis appeared for arraignment before a U.S. Magistrate Judge in Spokane, Washington, pursuant to a writ of habeas corpus ad prosequendum. On November 5, 2024, on the second day of his jury trial, Defendant pled guilty to the Indictment.

Pursuant to the providence inquiry, Defendant confirmed he was not suffering any aliment or intoxication that would impact his ability to understand the proceeding. ECF No. 384 at 3. Defendant confirmed he had received the indictment and fully discussed it with his attorney and he was satisfied with his attorney's advice and representation of him. *Id.* Defendant confirmed understanding the loss of civil rights based on his felony plea, the maximum punishments for each count, and how supervised release worked. ECF No. 384 at 3-4. He confirmed he understood his right to a trial where the government would have to prove his guilt beyond a reasonable doubt, and all of the rights that accompanied that right to trial. *Id.* at 5. Then, the Court noted, "If I accept your guilty pleas here today, you'll give up the -- those jury trial rights. Do you understand that?" to which Defendant responded, "Yes." *Id.*

The Court explained the elements of the offenses and asked Defendant to

explain why he was guilty. ECF No. 384 at 6. Defense counsel asked to speak for her client who would then confirm the accurateness of her representation. *Id.* at 7. Counsel stated,

> The defendant agrees that he forced Audree Pederson to make a video of herself giving oral sex to Minor No. 1. He intended for Audree Pederson to produce child pornography. As to Count 4, he agrees that he accessed Audree Pederson's Verizon phone account and sent from that a video depicting Audree Pederson performing oral sex on Minor No. 1, and he was aware that that was child pornography.

*Id.* Counsel then went on to say the events occurred in the Eastern District of Washington and "all involved interstate commerce." *Id.* The Court asked Defendant, "Mr. Solis, do you agree with those statement of facts?" to which he replied, "I do." *Id.* When then asked for his pleas to the charges, which were each summarized, Defendant replied each time, "Guilty." *Id.* at 7-8. The Court then had counsel confirm there was no reason to not accept the pleas of guilt. *Id.* at 8. The Court asked Defendant he had any questions for the Court, to which Defendant replied, "I do not." *Id.* at 9. The Court then concluded, "I'll dismiss the jury, and we are in recess." *Id.*

**IV.    Relevant Law:**

Defendant has no constitutional or statutory right to withdraw a guilty plea prior to sentencing. *United States v. Ramos*, 923 F.2d 1346, 1358 (9th Cir. 1991); *United States v. Youpee*, 419 F.2d 1340, 1343 (9th Cir. 1969). Defendant may be permitted to withdraw his guilty plea before sentencing only if he "can show a fair

RESPONSE TO DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA - 4

and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The decision to allow withdrawal of a guilty plea "is solely within the discretion of the district court." *United States v. Nostratis*, 321 F.3d 1206, 1208 (9th Cir. 2003) (citations omitted). Defendant bears the burden of showing the "fair and just reason" for withdrawing his guilty plea. Fed. R. Crim. P. 11(d)(2)(B).

The "fair and just reason" standard does not permit a Defendant to withdraw his guilty plea "simply on a lark," as here, "[a]fter the defendant has sworn in open court that he actually committed the crimes, after he has stated that he is pleading guilty because he is guilty, after the court has found a factual basis for the plea, and after the court has explicitly announced that it accepts the plea." *United States v. Hyde*, 520 U.S. 670, 676 (1997). A guilty plea is not a placeholder that reserves Defendant's right to the criminal justice system's incentives for acceptance of responsibility unless or until a preferable alternative later arises. *See United States v. Ensminger*, 567 F.3d 587, 593 (9th Cir. 2009).

Several factors are relevant to the Court's evaluation of whether a fair and just reason exists to withdraw the plea, including whether a Defendant has asserted factual innocence to the charges to which he or she pled guilty, the reason for a delayed assertion of innocence, whether the guilty plea was entered under questionable circumstances, and the delay in filing the motion to withdraw. *See United States v. Alber*, 56 F.3d 1106, 1111 (9th Cir. 1995).

"The fair-and-just standard requires a district court to vacate the guilty plea

RESPONSE TO DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA - 5

only when it is 'shown to have been unfairly obtained or given through ignorance, fear or inadvertence.'" *United States v. Dewey*, 2010 WL 1135772, *6 (9th Cir. 2010) (citing *United States v. Rubalcaba*, 811 F.2d 491, 493 (9th Cir. 1987)). A "fair and just reason" could include an inadequate plea colloquy, newly discovered evidence, intervening circumstances, or some other reason that did not exist when the Defendant entered his plea. *United States v. McTiernan*, 546 F.3d 1160, 1167 (9th Cir. 2008). This standard is to be liberally applied, *see* Fed. R. Crim. P. 11(d)(2)(B); *see also United States v. Jones,* 472 F.3d 1136, 1141 (9th Cir. 2007), but the burden rests squarely on Defendant to demonstrate the existence of at least one such condition.

The "fair and just reason" standard does not permit Defendant to withdraw his plea merely because he has had a change of heart, even without prejudice to the government. *Hyde*, 520 U.S. at 676-677; *see also Ensminger*, 567 F.3d at 593 ("Our prior decisions make clear that a change of heart – even a 'good faith change of heart' – is not a fair and just reason that entitles [the Defendant] to withdraw his plea, even where the government incurs no prejudice."). Once a plea is accepted, "withdrawal is, as it ought to be, the exception, not an automatic right." *Ensminger*, 567 F.3d at 593.

V.  **Argument:**

Defendant's guilty plea is as valid today as it was on November 5, 2024, when he knowingly, voluntarily, and intelligently entered it. He has not met his

RESPONSE TO DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA - 6

burden of establishing any of the standards for a "fair and just reason" set forth above.

Defendant seeks withdrawal of his plea because he only entered the plea so he could conclude the trial that was already underway and secure a new trial as quickly as possible. Specifically, "Mr. Solis pled guilty because he thought that if he pled guilty, that would be the quickest way to get a new trial[.]" ECF No. 410 at 6.

Defendant does not assert an inadequate plea colloquy, newly discovered evidence, intervening circumstances, or some other reason that did not exist when the Defendant entered his plea. *See McTiernan*, 546 F.3d at 1167. He certainly does not insist on actual innocence. *Alber*, 56 F.3d at 1111. Instead, Defendant asserts he "misunderstood" that a guilty plea would not result in a new trial where he could contest his guilt anew. He failed to comprehend that he would not get a new trial if he concluded his instant trial by pleading guilty and by having the jury dismissed given that plea.

Defendant argues, "A plea will be considered involuntary if it results from threats, unlawful coercion, false or illicit promises, mistreatment, mis-advisement of required rights, or misunderstanding." ECF No. 410 at 4 (citing *Sanchez v. United States*, 50 F.3d 1448, 1455 (9th Cir. 1995). Defendant does not make a case for coercion or threats or false promises; instead, he says he misunderstood the impact of his plea. However, *Sanchez* does not include "misunderstanding" as a

basis. Instead, *Sanchez* found a plea voluntary where the defendant "specifically denied that any threats and coercions had been used against him" and did not raise the alleged threat to prosecute his wife as the basis for his plea during a subsequent evidentiary hearing. *Id.* at 1455. Defendant's purported, self-serving misunderstanding as to how the legal system fundamentally works, having just gone through a federal guilty plea three years prior, is not a basis in law for withdrawing the plea.

In fact, Defendant cites no basis in law or fact to support his withdrawal of a plea where, as here, he purportedly just failed to understand the entire system he had been in for literal years. Further, even if Defendant could find support for this assertion, there is no reason to believe Defendant was actually laboring under such a delusion here. Defendant pled guilty mid-trial nearly four years after he was indicted, having had the benefit of counsel for the duration. Defendant had recently pled guilty to Bank Robbery in the Western District of Michigan in 2020, and was sentenced that same year, having benefited from a robust plea colloquy in that case as well. *See* Case No. 1:20-CR-00037-RJJ-1 (plea colloquy at Attachment). Most importantly, turning back to the instant case, Defendant affirmed understood: "If I accept your guilty pleas here today, you'll give up the -- those jury trial rights. Do you understand that?" to which he responded, "Yes." ECF No. 384 at 5. Defendant was asked if he had any questions for the Court and affirmed he did not. *Id.* at 9.

RESPONSE TO DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA - 8

Defendant does not establish a basis to withdraw his plea. Further, Defendant's asserted (unrecognized) basis is directly contradicted by the facts in the record. Defendant wanted the jury trial to end, so much so that he insisted on a lengthy recess mid-trial during which he consulted with his attorney about the impact entering a plea. He was told what he was waiving and given the opportunity to ask questions. Defendant had done the same before—entered a guilty plea in federal court—about three years earlier without issue. Just as he had done in the previous case, Defendant confirmed he understood he was waiving a jury trial by entering a plea and confirmed he had no questions. Defendant provides no basis in law or fact to withdraw his plea and the Court should deny his motion.

### VI.  Conclusion:

For the reasons set forth herein, Defendant has failed to meet his burden of demonstrating a fair and just reason to withdraw his guilty plea. Therefore, the Defendant's motion should be denied.

Respectfully submitted this 22nd day of April 2024.

Richard R. Barker
Acting United States Attorney

<u>s/Alison Gregoire</u>  
Alison L. Gregoire  
Assistant U.S. Attorney

<u>s/Rebecca R. Perez</u>  
Rebecca R. Perez  
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on April 22, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system.

*s/Alison Gregoire*
Alison L. Gregoire
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

RESPONSE TO DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA - 10