**DAVID R. PARTOVI**
PARTOVI LAW, P.S.
900 N. Maple St, Ste 102
Spokane, WA 99201
Phone (509) 270-2141
Fax (509) 326-6102
kelsey@partovilaw.com
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | NO. 2:20-CR-00179-TOR |
|---|---|
| Plaintiff, | |
| -vs- | DEFENDANT'S SENTENCING MEMORANDUM |
| DANIEL AUGUSTINE SOLIS, | |
| Defendant. | |

TO: Richard Barker, Acting United States Attorney;
    Rebecca Perez and Alison Gregoire, Assistant United States Attorneys.

COMES NOW Defendant, DANIEL SOLIS, by and through his counsel, David R. Partovi, and offers the following thoughts regarding the sentencing.

Recognizing that the Court rejected a defense of insanity based on involuntary intoxication due to 9th Circuit case law, Dr. Layton's testimony at ECF 358 remains significant. Dr. Layton, a qualified expert, testified on pages 25 and 26 of ECF 358 regarding the extent of Daniel Solis' methamphetamine use. He states, "What ended up happening later on is that use continued on a way where, when it became chronic, he became psychotic, and then his judgment was impaired. He had lack of insight into what was going on, and he had a break from reality."

Dr. Layton references the work of Dr. Nora Volkow, a neuroscientist and director of the National Institute of Drug Abuse, who he describes as "[T]he leading expert in the United States on substance use and addiction. Dr. Layton relates her work to Daniel Solis' psychosis describing it as "the loss of cognitive and volitional control."

The Court found that this was not sufficient for an insanity defense, but it mitigates against the level of evil ascribed to Mr. Solis by the government. Nor does it excuse Mr. Solis' behavior but when coupled with the disparity between the sentence of Mr. Solis' co-defendant and the extreme guideline, the Court is urged to consider that discrepancy.

Mr. Solis solicited the conduct of the child's victim's mother, he did not actually engage in the conduct. The government argues that but for Mr. Solis' solicitation, his co-defendant may not have engaged in the conduct at all. Fair enough, but it cannot be ignored that but for his co-defendant's actual commission of the act, no act would have occurred. In fact, the PSIR contains the phrase, at paragraph 21 describing requests by Mr. Solis that his co-defendant engage in additional sexual acts, "but she refused." This phrase is inconsistent with the following phrase, "Audree Pederson was weak, with non-existent self-esteem, willing to do whatever to appease Defendant simply for the sake of having a boyfriend." United States' Sentencing Memo, ECF 416 p. 5:15-6:1

Both Mr. Solis and Ms. Pederson were necessary players in this horror. It may well be that without Mr. Solis' solicitation it would not have occurred, but Ms. Pederson was always free to refuse. This is by no means an argument that Mr. Solis should be less culpable than Ms. Pederson, but it is very much an argument that Mr. Solis is not *four times* more culpable than Ms. Pederson which is what the United States asks for.

It is respectfully requested that the Court rely heavily on the expert testimony of Dr. Layton in a mitigation sense. If Ms. Pederson's culpability is so totally mitigated by her inability to refuse the demands of Mr. Solis, his culpability must be mitigated by his psychotic break from reality.

Significantly, Mr. Solis is no longer the way he was in January and February of 2020. Attached is a letter from Marlin Yoder detailing Mr. Solis' prison-based ministries over his term of incarceration as well as certificates of many of the programs he has completed during that time. We are all redeemable and none of us is as bad as the worst thing we have ever done.

DATED this 7th of May, 2025

**PARTOVI LAW, P.S.**

*s/ David R. Partovi*
DAVID R. PARTOVI, WSBA #30611
Attorney for Defendant

## CERTIFICATION

I hereby certify that on 7th of May, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System which I will sent notification of such filing to the following, and/or I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Richard Barker, Acting United States Attorney
Rebecca Perez, AUSA
Alison Gregoire, AUSA
U S Attorney's Office - SPO
920 W Riverside Suite 300
P O Box 1494
Spokane, WA 99210-1494
Telephone: 509-353-2767

**PARTOVI LAW, P.S.**

s/ *David R. Partovi*
DAVID R. PARTOVI, WSBA #30611
Attorney for Defendant